# PFIEFFER v. UNITED STATES.

OBJECTIONS AND EXCEPTIONS; APPEALS; TRIAL; MOTION IN ARREST;
CRIMINAL LAW.

1. An exception by the accused to the overruling of his motion to direct
a verdict in his favor at the close of the prosecution's case is waived
by the introduction by him of evidence in his own behalf.

2. Exceptions to portions of the trial court's charge to the jury will
not be considered where error is not assigned upon them.

3. Where the record in a criminal case failed to show any action by
the lower court on the defendant's motion in arrest of judgment,
but error was assigned by him and the case argued in this court as
though the motion was overruled and exception reserved, the case
was reviewed by this court as though such action was taken.

4. After adverse verdict in a criminal prosecution, it is too late for
the defendant, on a motion in arrest of judgment, to object to the
validity of a count of the information on the ground that the de-
fendant's name was omitted from a blank space provided in the
printed form, where it appears that his name did appear elsewhere
in the count, and it is clear the charge was against the defendant.

5. Error in the admission of evidence does not afford proper ground
for a motion in arrest of judgment.

6. In cases of conviction of an infamous crime, the appellate court may
sometimes inquire into the sufficiency of the evidence, and reverse
a judgment of conviction on that ground; but it cannot pass upon
its weight or credibility.

7. The discretionary power which an appellate court has to review the
question of the sufficiency of the evidence to justify a conviction in
a criminal case, although the defendant failed to ask the trial court
to direct a verdict of acquittal on that ground, will not be exercised
except under extraordinary conditions; and not in a prosecution in
the police court for making a bet on a horse race in which such
conditions do not appear.

No. 1862.   Submitted March 3, 1908.   Decided March 31, 1908.

IN ERROR to the Police Court of the District of Columbia. *Judgment affirmed.*

The facts are stated in the opinion.

*Mr. Wm. E. Ambrose* and *Messrs. Kappler & Merillat* for the plaintiff in error.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Plaintiff in error, Louis R. Pfieffer, was found guilty in the police court under the second count of an information charging him with making a bet on a horse race in violation of sec. 869 of the Code.

The trial was by jury on defendant's demand. The verdict was not guilty on the first count, and guilty on the second. The third was abandoned on the trial.

On the conclusion of the evidence for the government, the defendant moved the court to exclude and strike out the same as insufficient to maintain the charge. This was denied, and an exception was noted.

Treating this motion as equivalent to one to direct a verdict for the defendant, the exception was waived and abandoned by the action of the defendant in introducing evidence on his own behalf. After the evidence was all in, he failed to renew his former motion or to ask an instruction to the jury to return a verdict on the ground of the insufficiency of the evidence. Counsel informed the court that he had no instructions to ask. At the conclusion of the court's charge, counsel stated: "Your honor's charge is a very fair and full one, and I have only to differ with your honor in two minor aspects of the case." These were stated, and exceptions noted;

but it is unnecessary to repeat them, as no error has been assigned upon either. After the return of the verdict, a motion was made in arrest of judgment on the following grounds: That the information is insufficient; that the statute is unconstitutional; that incompetent evidence had been admitted; and that the evidence failed to show that the defendant had made a bet. The record does not show that any action was had on this motion; but error has been assigned and the questions have been argued by both sides as if· it had been expressly denied and exception reserved. Upon this virtual admission that there was such action, it will be considered.

The objection to the information, as contended on the argument, consists in the omission to enter the defendant's name in the second count in a blank space that had been provided in the printed form. The name does appear in another place in said count. There had been no demurrer to the information, or motion to quash the same on any ground, and the trial proceeded without attention being called to the defect. Had such an objection been . made by demurrer or motion to quash, a new information might have been filed, or the defect cured, possibly, ϳby amendment, as it was perfectly clear that the charge was against the defendant. He suffered no prejudice whatever on the trial from this omission in the count; and the objection came too late after verdict returned.

The objection to the statute as unconstitutional was abandoned on the argument. There was no exception taken to the admission. of any evidence. Had there been, it would not furnish a proper ground of a motion in arrest of judgment; nor does such a motion go to the weight and sufficiency of the evidence.

Notwithstanding there was no motion or prayer for an instruction to the jury to return a verdict of acquittal because of the insufficiency of the evidence to warrant a conviction, it has been contended on the argument that the judgment should nevertheless be reversed, because the evidence recited in the bill of exceptions does not show the guilt of the defendant with the necessary certainty.

It is true that in cases of conviction of an infamous crime, an appellate court may sometimes inquire into the sufficiency of the evidence, and reverse the judgment on that ground; but it cannot pass upon its weight or credibility. *Wiborg* v. *United States,* 163 U. S. 632, 658, 41 L. ed. 289, 298, 16 Sup. Ct. Rep. 1127, 1197; *Clyatt* v. *United States,* 197 U. S. 207, 221, 49 L. ed. 726, 731, 25 Sup. Ct. Rep. 429.

We think, however, that such a discretion ought not to be exercised in a case of this character, save, possibly, under extraordinary conditions. None such appear in this case. Where a party has acquiesced in the apparent sufficiency of the evidence in a case of misdemeanor, and taken his chances of a verdict, without raising any question thereon, it might happen that a bill of exceptions, though purporting to contain all the evidence, could be approved without close scrutiny. The proper scope of a bill of exceptions is to present such facts as are made necessary to show the foundation of exceptions reserved on the trial. As the question of the sufficiency of the evidence to sustain the verdict was not raised in this case, we must decline to consider it.

The judgment will be affirmed. *Affirmed.*